IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DIANE S. ROSENBERG, *et al.*,

    Plaintiffs,

        v.

PAULA WEBBER,

    Defendant.

Civil Action No.: RDB-15-3014

## **MEMORANDUM OPINION**

This action arises out of a foreclosure dispute between Plaintiffs Diane S. Rosenberg, *et al.* ("Plaintiffs") and *pro se* Defendant Paula Webber ("Defendant" or "Webber"). In July 2013, the Plaintiffs, ")[1], acting as substitute trustees for Wells Fargo Bank, N.A. ("Wells Fargo"), initiated an action[2] in the Circuit Court for Anne Arundel County, Maryland to foreclose on the residential property at 1552 Penzance Way, Hanover, Maryland 21076 (the "Property"). *See* Compl., ECF No. 2. Defendant Webber, the alleged owner of the Property, attempted to stop the foreclosure by filing a Third-Party Complaint (ECF No. 3) in the same court, alleging, *inter alia*, wrongful foreclosure, quiet title, and seeking related injunctive relief. The Circuit Court for Anne Arundel County ultimately dismissed Webber's claims with prejudice on February 25, 2014. *See* Order, *Brown v. Webber*, Case No. 02-C-13-180217.

---

[1] Plaintiffs are: Diane S. Rosenberg, Mark D. Meyer, John A. Ansell, III, Kenneth Savitz, Stephanie Montgomery, Kristine D. Brown, William M. Savage, Gregory N. Britto, Lila Z. Stitley, R. Kip Stone, Jordy B. Hirschfield. Although the caption of this case does not include Kristine Brown, William Savage, Gregory Britto, Lila Stitle, Kip Stone, or Jordy Hirschfield as Plaintiffs, these individuals are also named substitute trustees and plaintiffs in the foreclosure action that is the subject of the pending Motion to Remand. As such, the Clerk of the Court is directed to re-caption this case to reflect the additional named Plaintiffs.

[2] *Kristine D. Brown v. Paula L. Webber*, Case No. 02-C-13-180217 (Circuit Ct. for Anne Arundel Cnty., Md.).

On June 23, 2015, the Property was sold to Art Homes, LLC for the sum of $233,500.00. Notice of Sale, ECF No. 22. Webber subsequently removed the action to this Court on October 6, 2015 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[3] Notice of Removal, ECF No. 1. Currently pending is Plaintiff William Savage's Motion to Remand (ECF No. 27). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, Plaintiff William Savage's Motion to Remand (ECF No. 27) is GRANTED. In sum, Defendant's attempt at removal suffers from several fatal flaws, both procedural and substantive. This action is accordingly REMANDED to the Circuit Court for Anne Arundel County, Maryland.

## BACKGROUND

In July 2013, Plaintiffs, acting as substitute trustees for Wells Fargo, initiated a foreclosure action in the Circuit Court for Anne Arundel County, Maryland on Defendant Webber's residence at 1552 Penzance Way, Hanover, Maryland 21076 (the "Property"). *See generally* Compl., ECF No. 2. Webber, proceeding *pro se*, then filed a Third-Party Complaint in an effort to halt the foreclosure. *See generally* Crossclaim (Third-Party Compl.), ECF No. 3. Webber alleges that she was issued a promissory note securing her home mortgage to World Savings Bank in 2005. *Id.* ¶ 10. World Savings Bank was successively acquired by Wachovia Bank, and then Wells Fargo. *Id.* ¶¶ 11-12. Webber claims that her debt was discharged in June 2012 when she allegedly wired electronic funds to Wells Fargo in satisfaction of that debt. *Id.* ¶¶ 15-16. The funds were allegedly received, however they were subsequently

---

[3] Upon the removal of this case to this Court, the Circuit Court for Anne Arundel County stayed the state action. As such, while the Property was sold on June 23, 2015, removal occurred before the state court issued an order ratifying the sale. *See generally Brown v. Webber*, Case No. 02-C-13-180217. Accordingly, the resolution of the state action awaits a ruling of this Court.

returned defaced. *Id.* Webber alleges that the mere receipt and return of the funds was sufficient to satisfy and discharge the debt, thus she allegedly recorded a new deed for the Property on August 16, 2012. *Id.* ¶¶ 16, 19.

On December 3, 2012, Plaintiffs allegedly sent a letter to Wells Fargo, claiming an outstanding debt on Webber's property. *Id.* ¶ 20. Acting as substitute trustees for Wells Fargo, Plaintiffs then recorded a notice of foreclosure for the Property. Webber claims that she was not properly served the Notice of Foreclosure, as the documents were allegedly placed on her front step and not in her hands. *Id.* ¶ 23. In her Third-Party Complaint, she argues that Plaintiffs do not have an interest in the Property, have no right to foreclose, and failed to comply with the requisite foreclosure procedures. *See generally id.*

The Circuit Court for Anne Arundel County subsequently dismissed Webber's Third-Party Complaint with prejudice. *See* Order, *Brown v. Webber*, Case No. 02-C-13-180217. The Property was then sold to Art Homes, LLC on June 23, 2015. Notice of Sale, ECF No. 22. On October 6, 2015, Webber filed the present Notice of Removal (ECF No. 1) to remove the foreclosure action to this Court pursuant 28 U.S.C. §§ 1332, 1441, and 1446. In addition to the claims asserted (and rejected) in her Third-Party Complaint, Webber seeks to challenge the constitutionality of the Maryland foreclosure process through 42 U.S.C. § 1983.

ANALYSIS

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Federal courts have original jurisdiction over two kinds of civil actions—those which are founded on a claim or right arising under the Constitution, treaties

or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of different States. U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332(a) (2006). If a civil action is not based on a question of federal law, then a federal court may only exercise original jurisdiction based on diversity of citizenship. The purpose of the diversity requirement "is to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants. The presence of parties from the same State on both sides of a case dispels this concern, eliminating a principal reason for conferring § 1332 jurisdiction over any of the claims in the action." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553-54 (2005). As the Supreme Court has noted, "[i]ncomplete diversity destroys original jurisdiction with respect to all claims." *Id.* at 554.

Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if jurisdiction is defective. 28 U.S.C. § 1447(c). The party seeking removal, and not the party seeking remand, bears the burden of establishing jurisdiction in the federal court. *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Federal courts are obliged to carefully scrutinize challenges to jurisdictional authority, and must "do more than simply point jurisdictional traffic in the direction of state courts." *17th Street Associates, LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 592 (E.D. Va. 2005). The federal remand statute provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . ." 28 U.S.C. § 1447(d). On a motion to remand, a court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02

(D.Md.1997) (citation omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahy*, 29 F.3d at 151; *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

Webber ostensibly removed this action on the basis of diversity jurisdiction, 28 U.S.C. § 1332. *See* Notice of Removal at 3. Yet, regardless of the ground upon which removal is based, Webber's attempt is untimely. In general, a defendant must file the notice of removal of the civil action either

> within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ., or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). As the United States Court of Appeals has clearly explained, "untimely removal is a defect in removal procedure." *Cades v. H&R Block, Inc.*, 43 F.3d 869, 873 (4th Cir. 1994). That defect "renders a case improperly removed." *Link Telecomms., Inc. v. Sapperstein*, 119 F. Supp. 2d 536, 542 (D. Md. 2000) (citing *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999).

Removal premised on diversity jurisdiction adds an additional burden, whereby the removing party must seek removal within one year of the filing of the state court action. 28 U.S.C. § 1446(c)(1). This requirement is excused only when "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* A removing party's failure to comply is "an absolute bar to removal of cases in which jurisdiction is premised on 28 U.S.C. § 1332[.]" *Lovern v. General Motors Corp.*, 121 F.3d 160, 163 (4th Cir. 1997).

In this case, Plaintiffs filed the foreclosure action in July 2013. Although Savage does not provide the date upon which Webber was served a copy of the Complaint, this Court may assume that she was served shortly thereafter because she filed her own Third-Party Complaint in August 2013. Over two years later, she filed the subject Notice of Removal in this Court. Her attempt at removal is thus untimely under the 30-day general filing requirement *and* the one-year deadline applied to diversity jurisdiction cases. This untimeliness is a fatal defect that, on its own, necessitates remand of this action.

Even if Webber had timely removed the action to this Court, her efforts suffer from two substantive flaws that, again, oblige this Court to remand the action to state court. First, this Court notes that Webber explicitly invokes only 28 U.S.C. § 1332—diversity jurisdiction—and not 28 U.S.C. § 1331—federal question jurisdiction—in her Notice of Removal. Regardless, she attempts to avoid remand by arguing that this Court has jurisdiction due to the presence of questions of federal law. This action, however, is simply a foreclosure action, firmly premised on state law. *See* Compl. The sole questions of federal law are Webber's arguments against foreclosure, such as her belief that Maryland's foreclosure scheme violates the United States Constitution. *See* Notice of Removal at 3-5. Yet, it is firmly established that "[a] federally-based counterclaim by an original defendant is not eligible to serve as the basis for removal on federal question grounds." *Wittstadt v. Reyes*, 113 F. Supp. 3d 804, 806 (D. Md. 2015); *accord Cohn v. Charles*, 857 F. Supp. 2d 544, 548 (D. Md. 2012); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Webber, the original defendant in the foreclosure action, may continue to assert federal counterclaims and

defenses against the foreclosure, but those arguments may not serve as the basis for federal question jurisdiction.

Second, even if Webber had established subject-matter jurisdiction, this Court must abstain from adjudication under *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. As the Fourth Circuit has explained, *Younger* abstention "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," when there is "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the [party] to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). The *Younger* doctrine does not espouse "merely a principle of abstention rather [it] sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (quoting *Nivens v. Gilchrest*, 444 F.3d 237, 247 (4th Cir. 2006)).

In this case, all three elements of *Younger* abstention are satisfied. First, an ongoing state judicial proceeding—the foreclosure action—was instituted prior to Webber's attempt at removal to federal court. Second, this Court has previously held that Maryland has a substantial interest in all aspects of its property law, including the foreclosure process. *Barilone v. Onewest Bank, FSB*, Civ. A. No. ELH-13-00752, 2013 WL 6909423, at *5 (D. Md. Dec. 31, 2013) (citing *Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 352 (4th Cir. 2005) ("[P]roperty law concerns, such as land use and zoning questions, are frequently 'important' state interests justifying *Younger* abstention."); *Fisher v. Fed. Nat'l Mortg. Ass'n*, 360 F. Supp.

207, 210 (D. Md. 1973)). Third, Webber offers no reasons why the state court could not consider her constitutional arguments. To the extent that she challenges the constitutionality of Maryland's foreclosure process, she has had ample opportunity to assert such arguments before the Circuit Court for Anne Arundel County.

Finally, no exception to the *Younger* doctrine applies to counsel against abstention. In *Younger*, the United States Supreme Court identified two situations in which abstention is inappropriate: (1) when plaintiffs show that the state official is bringing the state action in bad faith or to harass, *Younger*, 401 U.S. at 47-49; or (2) there is "great and immediate" irreparable injury if the state law at issue "flagrantly and patently" violates the Constitution, *id.* at 53-54. Webber has made no showing that the foreclosure process was conducted in bad faith. Although she argues that Maryland's foreclosure laws violate the Constitution, the offending laws must be "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Id.* (quoting *Watson v. Buck*, 313 U.S. 387, 402 (1941)). Webber's vague and conclusory constitutional arguments do not even approach this high burden.

In sum, Webber's attempt to remove the foreclosure action suffers from several procedural and substantive flaws. Even if she had satisfactorily complied with the procedural requirements of removal, this Court must abstain from adjudication pursuant to *Younger v. Harris*. Accordingly, this action must be remanded to state court.

## CONCLUSION

For the reasons stated above, Plaintiff William Savage's Motion to Remand (ECF No. 27) is GRANTED. In sum, Defendant's attempt at removal suffers from several fatal flaws, both procedural and substantive. This action is accordingly REMANDED to the Circuit Court for Anne Arundel County, Maryland.

A separate Order follows.


Dated:	June 3rd, 2016	              /s/                              
	Richard D. Bennett
	United States District Judge